| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

|  |  |
|---|---|
| Sharilyn Haggenmiller, | Court File No.: _____ <br> Case Type: Employment (7) |
| Plaintiff, |  |
| vs. | **SUMMONS** |
| ABM Parking Services, Inc., |  |
| Defendant. |  |

**THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT:**

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:
   BAILLON THOME JOZWIAK & WANTA, LLP
   222 South Ninth Street, Suite 2955
   Minneapolis, MN 55402
   (612) 252-3570

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not

get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

BAILLON THOME JOZWIAK
& WANTA LLP

_____        DATED 3/6/14
Joni M. Thome, #232087
Christopher D. Jozwiak, #386797
Matthew S. Nolan, #390132
222 South Ninth Street, Suite 2955
Minneapolis, MN 55402
Telephone: 612.252.3570
Facsimile: 612.252.3571

*Attorneys for Plaintiff*

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Sharilyn Haggenmiller,

    Plaintiff,

vs.

ABM Parking Services, Inc.,

    Defendant.

Court File No.: _____
Case Type: Employment (7)

**COMPLAINT AND JURY DEMAND**

The Plaintiff, Sharilyn Haggenmiller, for her Complaint against Defendant, states and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff resides in the City of Woodbury, State of Minnesota.

2. Defendant ABM Parking Services, Inc. ("ABM") is a parking facility management company who conducts business in the City of Minneapolis, County of Hennepin, State of Minnesota.

3. At all relevant times, Plaintiff and Defendant were "employee" and "employer," respectively, within the meaning of the Minnesota Human Rights Act ("MHRA"), Minnesota Statute § 363A.03, and the Minnesota Workers' Compensation Act ("MWCA"), Minnesota Statute § 176.011.

4. Plaintiff brings this action pursuant to the MHRA, Minnesota Statutes §§ 363A.01 *et seq.*, to remedy injuries she has suffered and will continue to suffer as a result of Defendant's discrimination on the basis of age and disability or perceived disability and

retaliation in violation of the Minnesota Workers' Compensation Act, Minnesota Statute § 176.82.

5. Jurisdiction and venue are proper in the County of Hennepin, State of Minnesota, as Defendant resides and conducts business in the County of Hennepin, State of Minnesota.

## FACTS

6. Plaintiff began working for Defendant in August 2004.

7. Plaintiff worked as an administrative assistant in Defendant's auditing department and performed many job duties in that department and the human resources department throughout her employment.

8. Plaintiff routinely received positive feedback from management and recognition for her good performance during her employment.

9. On April 19, 2013, Plaintiff suffered a workplace injury when she tripped over a box, injuring her right knee and suffering abrasions. Plaintiff notified her managers about the injury, including the audit manager, Gary Kahsai, and the assistant audit manager, Delana Gerten.

10. That same day, Gerten assisted Plaintiff in completing a first report of injury. Thereafter, Plaintiff submitted the report to Beth Sandeberg in Defendant's human resources department.

11. Also that same day, Plaintiff told Sandeberg that she was going to the doctor to seek medical attention for her injury and, thereafter, sought medical attention and was prescribed a course of treatment.

12. In addition to the injury, Sandeberg and Greg Frankhauser, the general office manager, knew Plaintiff suffered serious health issues, including congestive heart failure. Plaintiff was on heart medication that caused her weight to fluctuate and had discussed her dieting and health with Sandeberg and Frankhauser.

13. In or around February 2013, Plaintiff discussed her congestive heart failure with both Sandeberg and Frankhauser, again, following the death of her daughter on January 28, 2013. Plaintiff's daughter had died suddenly from a heart condition known as coronary dissection, and Plaintiff expressed concern for her own health because of her heart condition.

14. In mid-May 2013, Greg Frankhauser, the general manager of Plaintiff's office, confronted Plaintiff's coworker, Monica Martinson (age 64), about whether Martinson "was considering retirement." Martinson, a 38-year employee who worked in payroll, was shocked by the question, as she had never discussed retiring and had no plans to do so, and told Frankhauser she could not afford to retire. Frankhauser pressed her: "I really think you should retire—you owe that to yourself." Again, Martinson told Frankhauser she could not retire for financial reasons. As she left his office, Frankhauser urged her to "think about it."

15. Martinson was the oldest employee in the office. Frankhauser also knew that Martinson recently had a stroke and had multiple sclerosis.

16. At age 63, Plaintiff was the second oldest employee in the office and was the oldest in the auditing department.

17. At or around 9:00 a.m. on Monday, June 3, 2013, Plaintiff was called to Frankhauser's office. Both Frankhauser and Sandeberg were in the office when she arrived. Frankhauser told Plaintiff that they were laying her off for "business" reasons.

18. The next day, Martinson was also laid off for "business" reasons.

19. No other employees were terminated in this purported layoff other that Plaintiff and Martinson.

20. In her termination meeting, Plaintiff asked Frankhauser why she had been chosen and not one of her coworkers. Plaintiff's two co-workers were younger than Plaintiff— Margaret Jacobowski was 51 years old and Berhanu Aeromo was 53—and had no known health issues or workers compensation injuries. Jacobowski had worked for Defendant for only three years; Aeromo was part-time and had been with Defendant just six years.

21. Frankhauser responded that Plaintiff had been chosen because of a recent audit by the Metropolitan Airport Commission ("MAC") report, which purportedly concluded that someone in auditing had to be terminated, so Plaintiff was selected. Plaintiff later learned that the audit had actually concluded that the auditing department was performing very well as is.

22. Shortly after her termination, Plaintiff learned that she was replaced by Jacobowski.

23. Just after her termination, Martinson learned that she had been replaced by Laurie Parks, who was more than 10 years her junior.

24. As a directed and proximate result of Defendant's actions and inactions, as herein above alleged, Plaintiff has suffered, and will continue to suffer, loss of income and benefits, humiliation, embarrassment, mental and emotional distress, and other pain and suffering.

## COUNT 1
## AGE DISCRIMINATION IN VIOLATION
## OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff realleges each and every paragraph of this Complaint.

4

25. Defendant engaged in unlawful employment practices involving Plaintiff based upon her age in violation of the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et seq.* These practices include, but are not limited to, Defendant's discharge of Plaintiff from her employment and replacing her with a younger, less experienced employee.

26. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

27. The unlawful employment practices complained of above were intentional and were performed by Defendant with malice or with reckless indifference to anti-discrimination laws that protect Plaintiff.

28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation and embarrassment, loss of reputation, loss of enjoyment of life, lost wages and benefits, has incurred attorney's fees and expenses and other serious damages.

## COUNT II
## WORKERS' COMPENSATION RETALIATION
## IN VIOLATION OF MINN. STAT. § 176.82

Plaintiff re-alleges each and every paragraph of this Complaint.

29. Minnesota Statute § 176.82, subdiv. 1, provides: "Any person discharging . . . an employee for seeking workers' compensation benefits . . . is liable in a civil action for damages incurred by the employee . . . ." Minn. Stat. § 176.82, subd. 1.

30. Defendant discharged Plaintiff for seeking workers' compensation benefits in violation of Minnesota Statute § 176.82.

31. The unlawful practices complained of above were intentional and were performed by Defendant with malice and/or reckless indifference to the anti-retaliation laws that protect Plaintiff.

32. As a result of these unlawful actions, Plaintiff has suffered from and continues to suffer emotional distress, humiliation and embarrassment, pain and suffering, loss of wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff incorporates and realleges each and every paragraph of this Complaint.

33. Defendant, through its managers and officials acting on behalf of Defendant, and within the scope of their employment, engaged in unlawful employment practices in violation of the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et seq.* These practices include, but are not limited to, terminating Plaintiff and altering the terms and conditions of her employment because Plaintiff suffered from an impairment which materially limited one or more major life activities, or because Defendant regarded Plaintiff as suffering from such an impairment.

34. Defendant failed to take all reasonable steps to prevent discrimination based upon Plaintiff's disability or perceived disability.

35. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because she suffered from a disability, or was regarded as suffering from a disability.

36. The unlawful employment practices complained of above were intentional and Defendant performed them with malice and/or reckless indifference to the anti-discrimination laws that protect Plaintiff.

37. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer economic harm, emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits, and other serious damages.

WHEREFORE, Plaintiff respectfully prays:

a. That the practices of Defendant complained of herein be adjudged decreed, and declared to be a violation of the rights secured to Plaintiff by state law.

b. That Defendant be required to make Plaintiff whole for its adverse, discriminatory actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

c. That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

d. That Plaintiff be reinstated to her job or, in the alternative, be awarded front pay and monetary value of any employment benefits she would have been entitled as an employee for Defendant.

e. That Plaintiff be awarded compensatory damages in an amount in excess of $50,000.00 as established at trial.

f. That the Court award Plaintiff her attorney's fees, costs and disbursements pursuant to state statute.

g. That Plaintiff be awarded treble damages as permitted under the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et seq*.

7

h. That Plaintiff be allowed to amend her Complaint to seek punitive damages as provided by statute.

i. That Plaintiff be awarded punitive damages as provided by the Minnesota Workers' Compensation Act, Minn. Stat. § 176.82, subd. 1.

j. That the Court grant such other and further as it deems fair and equitable.

Dated this 6th day of March 2014.

BAILLON THOME JOZWIAK
& WANTA LLP

_____
Joni M. Thome, #232087
Christopher D. Jozwiak, #386797
Matthew S. Nolan, #390132
222 South Ninth Street, Suite 2955
Minneapolis, MN 55402
Telephone: 612.252.3570

*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. §549.21 to the party against whom the allegations in this pleading are asserted.

Dated this 6th day of March 2014.

_____
Matthew S. Nolan, #390132

STATE OF MINNESOTA                           DISTRICT COURT

COUNTY OF HENNEPIN                           FOUTH JUDICIAL DISTRICT

---

Sharilyn Haggenmiller,

                Plaintiff,

Court File No. _____

v.

**AFFIDAVIT OF SERVICE
(VIA HAND DELIVERY)**

ABM Parking Services, Inc.,

                Defendant.

---

STATE OF MINNESOTA  )
                                ) ss.
COUNTY OF HENNEPIN  )

Jeremy Reichenberger, being first duly sworn on oath, states that on the 7th of March 2014 he served upon above-referenced Defendant the following documents:

1. Complaint and Jury Demand
2. Summons

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Minneapolis, Minnesota addressed as set forth below. Minn. R. Civ. P. 5.02(a)

☒   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below on this date before the close of normal business hours. Minn. R. Civ. P. 5.02(a)

☐   by filing the foregoing with the Clerk of Court using the E-file and E-Service system, which will send notification of such filing to the e-mail addresses denoted on the service contact list. Minn. R. Civ. P. 5.02(b)

☐   by transmitting via facsimile, with no transmission errors reported, the document(s) listed above at the fax number(s) set forth below. Minn. R. Civ. P. 5.02(a)

<u>Served by Personal Service to:</u>
ABM Parking Services, Inc.
CT Corporation
100 S 5th St. #1075
Minneapolis, MN 55402

_____
Jeremy Reichenberger

Subscribed and sworn to before me
this 7th day of March 2014.

_____
Notary Public

AIMEE K. JACOBSON
Notary Public
State of Minnesota
My Commission Expires
January 31, 2019